**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

AGGRESSOR ADVENTURES, LLC,

                Plaintiff,

        v.

RED SEA PARADISE
FOR CRUISES S.A.E.

               Defendants.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**
**CV 122-101**

NOW COMES  Plaintiff above-named and for this its Complaint against Defendants above-named shows as follows:

1.      Plaintiff Aggressor Adventures, LLC ("Aggressor") is a limited liability company organized under the laws of the State of Georgia with a principal place of business in Augusta, Richmond County, Georgia.

2.      Defendant Red Sea Paradise For Cruises S.A.E. ("Defendant") is a corporation incorporated under the laws of Egypt.

3.      Venue is proper pursuant to the License Agreement signed dated July 26, 2021 between the parties in this litigation, which sets this court as the exclusive venue for disputes arising out of License Agreement. A true and correct copy of the License Agreement is attached hereto as Exhibit A.

4.      The amount in controversy exceeds $75,000, the parties hereto are diverse, and jurisdiction is proper pursuant to 28 U.S.C. § 1332(a).

5.      The License Agreement is a binding contract between Aggressor on the one hand, and Defendant on the other hand.

6.      Aggressor is a travel company which licenses its marks to certain vessel owners across the globe. The vessel owners are entitled to exclusive rights to operate Aggressor-branded tours in the territory designated in their respective licensing agreements.

7.      Pursuant to the License Agreement, Defendant has been granted an exclusive license to use the marks "AGGRESSOR" and "AGGRESSOR LIVEABOARDS," both of which are registered with the United States Patent and Trademark Office, in certain designated territory (the "Territory"), for a term of ten years.

8.      In return for these licensing privileges, Defendant is required to meet certain terms for remaining a licensee of that certain Aggressor intellectual property, including but not limited to operating regularly scheduled tours for the exclusive Aggressor-branded vessel in the Territory designated in the License Agreement.

9.      Defendant has breached material terms of the License Agreement.

10.     Yasser Elmoafi, the "Chairman and Managing Director" of Defendant wrote to Aggressor unilaterally terminating the Licensing Agreement on May 29, 2022 without legitimate justification. As part of this unilateral termination, Elmoafi also unilaterally cancelled all previously booked Aggressor tours within the Territory.

11.     Defendant has upon information and belief, removed all Aggressor branding from the vessel in violation of Section IV of the License Agreement.

12.     By failing to continuously operate the vessel as an Aggressor-branded tour operator, Defendants are also in violation of Sections IX and X of the License Agreement.

13.     Upon information and belief, Defendant is or agents thereof are advertising use of the vessel for tours, and are conducting tours similar to those offered by Aggressor, which are violations of Sections V and XV of the License Agreement.

2

14.     These breaches by Defendant are material breaches of the License Agreement and have caused direct, consequential, and incidental damages, including lost profits, to Plaintiff in an amount to be determined in the learned conscience of this Court.

15.     Plaintiff is additionally entitled to liquidated damages in the amount of $50,000 pursuant to Section XIX of the License Agreement, as Defendant failed to cure its breach of the License Agreement within 30 days of written notice and demand to cure, since said breach occurred within the first year of the License Agreement.

16.     Plaintiff is additionally entitled to recover its reasonable attorney's fees pursuant to Section XX of the License Agreement due to the Defendant's breach of the License Agreement.

17.     Plaintiff demands a trial by jury on all jury triable issues.

WHEREFORE, Plaintiff respectfully asks that this Court enter judgment on its breach of contract claim in favor of Plaintiff and against Defendants in an amount to be shown at trial; to awards direct, consequential, incidental, and liquidated damages on said claim as may be shown by the evidence to be allowed; to award Plaintiff its reasonable costs and attorney's fees; and to award any other relief as may be just and proper.

THIS 1st DAY OF AUGUST, 2022.

TURNER PADGET GRAHAM & LANEY, P.A.

/s/ Robert P. Mangum
Robert P. Mangum
Attorney for Plaintiff
GA Bar No. 268222
Post Office Box 1495
209 7th Street, Suite 300
Augusta, Georgia 30903
Telephone: (706) 722-7543
Facsimile:   (706) 364-5417
rmangum@turnerpadget.com

3