**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

AGGRESSOR ADVENTURES, LLC,

                Plaintiff,

       v.

RED SEA PARADISE
FOR CRUISES S.A.E.

                Defendants.

**MOTION TO SERVE PROCESS ON**
**DEFENDANT BY ALTERNATE MEANS**

**C/A No: 1:22-cv-00101**

## MOTION

NOW COMES  Plaintiff above-named and asks this Court to grant the instant Motion to Serve Process on Defendant by Alternate Means, allowing Plaintiff to serve means: that is, by electronic mail. Plaintiff shows below in its Memorandum of Law that service by electronic mail is not violative of the Hague Convention or the exceptions taken by Egypt to the Hague Convention, and is reasonably calculated to give Defendant notice of this litigation.

## PROCEDURAL HISTORY

Plaintiff Aggressor Adventures, LLC ("Aggressor") is a limited liability company organized under the laws of the State of Georgia with a principal place of business in Augusta, Richmond County, Georgia. Defendant Red Sea Paradise For Cruises S.A.E. ("Defendant") is a corporation incorporated under the laws of Egypt. Plaintiff's lawsuit was instituted on August 1, 2022. Dkt. No. 1. Plaintiff has attempted service via the Hague Convention and expects serve will eventually be perfected. However, Plaintiff is informed and believes it could take a year from the date of attempting service in order to perfect service in Egypt by the means set forth in the Hague Convention. *See* Response to Show Cause Order, filed contemporaneously herewith.

**FACTS AND ARGUMENT**

It is within the discretion of this Court to permit Plaintiff to serve this process on Defendant by email, and this Court should permit Plaintiff to do so in order to efficiently resolve this matter. Rule 4(f), F.R.C.P., gives three options for service on foreign defendants: [1] through the process set forth in an international convention such as the Hague Convention (Rule 4(f)(1)); [2] if no international treaty is in place that sets forth the means of service, then by means set forth by the foreign country in which service is sought (Rule 4(f)(2)); or [3] "by other means not prohibited by international agreement, as the court orders" (Rule 4(f)(3)). Rule 4(h) applies these service options to foreign corporate entities as well as individuals, as it is set forth in Rule 4(f). Plaintiff asks that this Court, pursuant to Rule 4(f)(3), permit service by email, as numerous other federal courts have allowed.

The Hague Convention on service was ratified by Egypt in 1968. *Bower v. El-Nady*, 844 F. Supp. 2d 191, 196 n.9 (D. Mass. 2012). Egypt[1] has taken exception to the portions of the Hague Convention that allow service by postal mail. *Abercrombie & Fitch Trading Co. v. Hcoaustraliasale*, Civil Action No. 21-61967-Civ-Scola, 2021 U.S. Dist. LEXIS 248722, at *2 (S.D. Fla. Sep. 29, 2021). Traditionally, then, persons and entities domiciled in these countries could only be served by the means set forth in the Hague Convention, which require serving a certain designated department in the country of domicile, who then arranges service on the foreign defendant.

At the turn of the century and dawn of the widescale use of the internet, courts began to hear arguments as to whether service of a foreign person or entity under Rule 4(f)(3) by electronic means such as email would be permissible under Rule 4 and also satisfy due process. The Ninth

---

[1] As well as a number of other countries such as China, Germany, Poland, and the Netherlands.

Circuit appears to have been the first federal appellate court to be confronted with this question. In *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002), the Ninth Circuit, reviewing the order on an abuse of discretion standard, upheld a Nevada federal district court's order permitting service of process by email. The Ninth Circuit first found that the method of service set forth in Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief. *Id.* at 1015. Rather, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id.* Thus, so long as court-ordered service under Rule 4(f)(3) is "(1) directed by the court; and (2) not prohibited by international agreement," the court in *Rio* found it would be proper so long as it satisfied constitutional due process. *Id.* at 1014. Citing Supreme Court precedent in *Mullane*, the Ninth Circuit found that "the method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" *Id.* at 1016 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950) (Jackson, J.)). Because *Rio* was the first-decided appellate case and comprehensively addressed and rejected the arguments against electronic service under Rule 4(f), though obviously not binding on this Court, the *Rio* opinion is often cited outside of the Ninth Circuit when questions of service under Rule 4(f)(3) are argued. *See, e.g.*, *Bower v. El-Nady*, 844 F. Supp. 2d 191, 196 n.11 (D. Mass. 2012); *Abercrombie & Fitch Trading Co. v. Hcoaustraliasale*, Civil Action No. 21-61967-Civ-Scola, 2021 U.S. Dist. LEXIS 248722, at *3 (S.D. Fla. Sep. 29, 2021); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 U.S. Dist. LEXIS 122000, at *9 (S.D. Fla. Sep. 14, 2015); *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013).

The primary distinguishing factor between *Rio* and many cases coming after it (including the facts of this case) were that, in *Rio*, there was no need to analyze the Hague Convention

provisions because Costa Rica was not a signatory to the Hague Convention on service at all at that time. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002). The Fifth Circuit has addressed such a question where exceptions to the Hague Convention are implicated, though, and held that court-ordered service under Rule 4(f)(3) is not inconsistent with the Hague Convention or any international agreement, and the non-movant would have the burden of showing inconsistency with an international agreement. *See Viahart, L.L.C. v. He Gangpeng*, No. 21-40166, 2022 U.S. App. LEXIS 3974, at *9 (5th Cir. Feb. 14, 2022) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)).

The Eleventh Circuit does not appear to have considered such a question, and so there is a lack of binding precedent on this Court as to this legal point. However, perhaps unsurprisingly, the district courts of the Southern District of Florida (which are, as the Court knows, also subject to the appellate jurisdiction of the Eleventh Circuit) appear to often deal with questions of service on foreign defendants. In *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, the Court considered whether service by email was proper on Polish Defendants. *Id.* at *4-9. Poland, like Egypt, is one of the countries that has agreed to the Hague Convention generally, but objected to the service by post mailing portions of it. *See id.* at *4-5. The magistrate judge ultimately determined that no international agreement prohibited service by email, and thus, it was proper to order service by email on the Polish defendants. *See id.* at *11-12. Thereafter, a district court judge in the Southern District of Florida had occasion to consider whether foreign defendants from several different countries (including Egypt) could be served by email. Citing to *Stat. Med.*, the district court judge in *Abercrombie & Fitch Trading Co. v. Hcoaustraliasale*, Civil Action No. 21-61967-Civ-Scola, 2021 U.S. Dist. LEXIS 248722 (S.D. Fla. Sept. 29, 2021), ordered that service of process be had on defendants (including the Egyptian) under Rule 4(f)(3) by email and by posting on a website.

4

*Id.* at *3-4.

Plaintiff asks that this Court similarly order that service be had by email on Defendant's "Managing Director" (who speaks English) and its English-speaking attorney in Egypt. In this case, there is no question of personal jurisdiction because, according to the terms of the License Agreement attached to Plaintiff's Complaint (Dkt. No. 1-1), Defendant has subjected itself to the exclusive jurisdiction of the state and federal courts in the Southern District of Georgia. *Id.*, Section XXII(A)-(B) (and <u>explicitly waiving any challenge to personal jurisdiction</u>).[2] In further support, both the "Managing Director" and the company's Egyptian attorney have corresponded with Plaintiff's agent, Wayne Brown, and the undersigned attorney through the following email addresses: yasser@royalevolution.com and Sherry.Shalakany@shalakany.com. *See* Composite Exhibit A, attached hereto. There is no real question, then, that service of process to these email addresses would be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," as required by *Mullane, supra*.

## CONCLUSION

Plaintiff asks, in the interest of judicial economy and the efficient resolution of this matter, to Order that service be had on Defendants at the above-referenced email addresses within three days of such an Order by the Court. Additionally, within three days of such electronic service, the undersigned attorney will agree to file an Affidavit indicating to the Court the date of service and swearing as to whether he received any "undeliverable" or "kickback" message in response to his email.

WHEREFORE, Plaintiff respectfully asks that this Court order, pursuant to Rule 4(h) and

---

[2] Yasser Elmouafi, the "Managing Director," is also the signatory for the Defendant entity.

Rule 4(f)(3), that service of process be made on Defendant at its Managing Director's email addresses and additionally at his Egyptian attorney's email address, as follows: yasser@royalevolution.com and Sherry.Shalakany@shalakany.com.

THIS 24th DAY OF APRIL, 2023.

TURNER PADGET GRAHAM & LANEY, P.A.

/s/ Robert P. Mangum
Robert P. Mangum
Attorney for Plaintiff
GA Bar No. 268222
Post Office Box 1495
209 7th Street, Suite 300
Augusta, Georgia 30903
Telephone: (706) 722-7543
Facsimile: (706) 364-5417
rmangum@turnerpadget.com

## <u>CERTIFICATE OF SERVICE</u>

COMES NOW, the undersigned attorney for AGGRESSOR ADVENTURES, LLC, Plaintiff in the above captioned case, and certifies that on April 24, 2023 he electronically filed the foregoing **MOTION TO SERVE PROCESS ON DEFENDANT BY ALTERNATE MEANS** with the Clerk of Court by electronic filing and has served the same, along with a courtesy copy of the complaint, via email to the following addresses:

> Yasser Elmouafi
> yasser@royalevolution.com
>
> Sherry El Shalakany
> Sherry.Shalakany@shalakany.com

April 24, 2023

*/s/ Robert P. Mangum*
Robert P. Mangum
