IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AGGRESSOR ADVENTURES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-101 |
| | ) | |
| RED SEA PARADISE FOR CRUISES S.A.E., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Serve Process on Defendant by Alternate Means. (Doc. no. 6.)

Plaintiff filed the Complaint on August 1, 2022. (Doc. no. 1.) Defendant is an Egyptian corporation, and Egypt is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters. Convention Done at the Hague Nov. 15, 1965, T.I.A.S. No. 6638 (Feb. 10, 1969); see Shenouda v. Mehanna, 203 F.R.D. 166, 170 (D.N.J. 2001) ("Both the United States and Egypt are signatories to the Convention.").[1]

Pursuant to the Hague Convention, on September 26, 2022, Plaintiff sent a service packet, complete with a copy of the pleadings translated into Arabic, to Egypt's Hague Service

---

[1] A list of countries that are signatories of the Hague Convention on Service can be found at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

Central Authority. (Doc. no. 5-1, Mangum Aff.) Defendant has not yet been served, and Plaintiff's counsel estimates the process may take up to one year "under ideal conditions." (Id.) Due to the lengthy delay already experienced and uncertainty of when the Central Authority will act,[2] Plaintiff seeks permission to serve Defendant by emailing the Summons and Complaint to Defendant's Managing Director, Yasser Elmoafi, at yasser@royalevolution.com, and to its legal counsel, Sherry El Shalakany, at Sherry.Shalakany@shalakany.com.

Federal Rule of Civil Procedure 4(f) provides the following methods for serving a foreign corporation:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
   (C) unless prohibited by the foreign country's law, by:
      (i) delivering a copy of the summons and of the complaint to the individual personally; or
      (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f)(3) gives a district court "broad authority to order an alternate method of

---

[2] The Advisory Committee Notes to Fed. R. Civ. P. 4 explain, "The Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, but Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months."

service to be effectuated upon foreign defendants." Birmingham v. Doe, 593 F. Supp. 3d 1151, 1156 (S.D. Fla. 2022).  As many courts have held, Rule 4(f)(3) is not a method of last resort available only after failed service attempts under other subsections.  Instead, Rule 4(f)(3) is "merely one means among several which enables service of process on an international defendant."  Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002); Brookshire Bros. v. Chiquita Brands Int'l, Inc., No. 05CIV21962COOKEBROWN, 2007 WL 1577771, at *3 (S.D. Fla. May 31, 2007) (allowing service through Rule 4(f)(3) when service under the methods of Rule 4(f)(1-2) have been cumbersome); Stat Med. Devices, Inc. v. HTL-Strefa, Inc., No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015).  As always, service under Rule 4(f)(3) must comport with constitutional notions of due process by being "reasonably calculated, under all circumstances, to appraise parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

      Emailing the Summons and Complaint to Defendant's Managing Director and legal counsel is reasonably calculated to apprise Defendant of the action and afford Defendant an opportunity to appear and defend itself.  Plaintiff proves the efficacy of this approach by attaching email correspondence concerning the current dispute with these same representatives of Defendant utilizing the same email addresses.  (See doc. no. 6-1.)  These attachments are strong evidence the email addresses are operational and will ensure transmission of the Summons and Complaint.  See Kipu Sys., LLC v. ZenCharts, LLC, No. 17-24733-CIV, 2018 WL 8264634 (S.D. Fla. Mar. 29, 2018) ("Because Defendants' email addresses are known and operational, we conclude that service via email is appropriate"); TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 693 (S.D. Fla. 2012) ("As to the due process requirements, federal

courts in this District and others have authorized service via email pursuant to Rule 4(f)(3).").

Furthermore, although not necessary, the Court finds good cause for service by email in light of the lengthy delay of service by the Egyptian Central Authority and the uncertainty concerning when that office will effect service. As the Advisory Committee Notes to Rule 4 explain, "circumstances that might justify the use of additional methods [through Rule 4(f)(3)] include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention . . . ."

Finally, although Egypt has objected to service through postal channels under Article 10 of the Hague Convention, such an objection does not render service by email a violation of the Hague Convention that is prohibited under Rule 4(f)(3). See, e.g., Stat Med. Devices, Inc., No. 15-20590-CIV, 2015 WL 5320947, at *3 ("[A]n objection to service through 'postal channels' does not equate to an express objection to service via electronic mail."); Birmingham, 593 F. Supp. 3d at 1159 (allowing alternate service through Rule 4(f)(3) to countries like Bulgaria, the Czech Republic, Hungary, and South Korea that objected to service through postal channels under Article 10); Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC, 295 F.R.D. 259, 262 (S.D. Ohio 2013) (allowing service by email to defendants in China and Poland, both of which object to Article 10); but see Agha v. Jacobs, No. C 07-1800 RS, 2008 WL 2051061, at *2 (N.D. Cal. May 13, 2008) (denying alternate service by email to defendants in Germany, which objects to Article 10, because Plaintiff failed to show service by email was distinguishable from service through postal channels); Thunder Studios, Inc. v. Kazal, No. CV 17-00871-AB (SSX), 2017 WL 10434398, at *2 (C.D. Cal. May 26, 2017) (recognizing Agha as unique and noting several cases allowing email service in countries objecting to Article 10).

Accordingly, Plaintiff may serve Defendant by email. (Doc. no. 6.) Within fourteen days of the date of this Order, Plaintiff shall serve the complete service packet provided to the Egyptian Central Authority, and this Order, by email to (1) yasser@royalevolution.com; (2) Sherry.Shalakany@sh2alakany.com; and (3) info@royalevolution.com, the email address listed on Defendant's website. (Doc. no. 6-1, pp. 3-4); see Lexmark Int'l, 295 F.R.D. at 262 (finding service to email addresses found on defendants' websites are "reasonably calculated" to reach defendants.).

Plaintiff shall additionally send the documents by express delivery, through an established international courier, to Mr. Elmoafi and Ms. Shalakany, at the following addresses gleaned from the website and motion exhibits, as well as any other addresses known to Plaintiff: (1) Yasser Elmoafi, Hurghada New Marina, Building B6, Apartment 202, P.O. Box: 395, Hurghada, Red Sea, Egypt; (2) Yasser Elmoafi, Aka Trading Center, Building C3 Flat 101, P.O. Box 395, Hurghada, Red Sea, Egypt; and (3) Sherry Shalakany, Shalakany Law Office, 12, Marashly St., Zamalek, Cairo 11211, Egypt. These mailings shall not constitute formal service of process but, instead, are intended as an informal means to ensure Defendant is put on notice of the service emails so recipients may thoroughly check their email inboxes and spam filters. A cover letter shall explain as much.

The Court **EXTENDS** the service deadline until August 4, 2023. By that date, Plaintiff shall certify compliance with this Order and report on any confirmation of receipt by Plaintiff.

SO ORDERED this 10th day of July, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA