IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AGRESSOR ADVENTURES, LLC, | * | |
| Plaintiff, | * | |
| v. | * | CV 122-101 |
| RED SEA PARADISE FOR CRUISES S.A.E., | * | |
| Defendant. | * | |

O R D E R

Before the Court is Plaintiff's motion for an order entering default judgment in favor of Plaintiff and against Defendant. (Doc. 11.) For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

Plaintiff filed this breach of contract action against Defendant, an Egyptian corporation, on August 1, 2022. (Doc. 1.) With the Court's permission, and due to delays in international service of process under the Hague Convention protocol, Plaintiff served Defendant by email on July 12, 2023. (Doc. 7; Doc. 8, at 1.)

Plaintiff's complaint alleges that on July 26, 2021, Plaintiff, a travel company, entered into an International License

Agreement ("the Agreement") with Intrepid Holdings Limited and Defendant, Red Sea Paradise for Cruises S.A.E. (together, the "Licensees"). (Doc. 1, at 1; see Doc. 1-1, at 1.) The Agreement granted the Licensees the right to use Plaintiff's marks "AGGRESSOR" and "AGGRESSOR LIVEABOARDS," both registered with the United States Patent and Trademark Office, for yacht dive tours in a certain designated territory for a term of ten years. (Doc. 1, at 2; Doc. 1-1, at 3-4.) In return, the Licensees agreed to operate regularly scheduled tours on the Aggressor-branded yacht within the designated territory. (Doc. 1, at 2; Doc. 1-1, at 4, 7.) The Licensees also agreed to use the yacht solely for Aggressor activities and to refrain from pursuing other substantially similar business endeavors for the duration of the Agreement. (Doc. 1-1, at 11, 19.) Plaintiff agreed not to license or operate any other AGGRESSOR LIVEABOARD Dive Yacht, and the Licensees agreed not to license or operate any other Live-Aboard Dive Yacht, in the territory. (Doc. 1-1, at 4.) Plaintiff was to book reservations for the Licensees' yacht, collect all customer payments, and receive a thirty (30) percent commission on all reservations, subject to limited exceptions. (Doc. 1-1, at 9-10.) The Licensees were to receive the remaining seventy percent. (Id.)

Plaintiff alleges that on May 29, 2022, Defendant unilaterally terminated the Agreement without legitimate reason and cancelled all its previously booked Aggressor tours. (Doc. 1,

2

at 2.) Defendant also allegedly removed the Aggressor branding from its vessel, currently advertises its vessel for tours, and conducts tours similar to those offered by Plaintiff, all in violation of the Agreement. (Id.)

Defendant did not answer Plaintiff's complaint, and the Clerk entered default as to Defendant on February 22, 2024. (Doc. 10.) Defendant has filed no responsive pleadings to date. On March 1, 2024, Plaintiff asked this Court to enter an order of default judgment in favor of Plaintiff. (Doc. 11, at 1.) The Court ordered Plaintiff to file supplemental documentation in support of its request for consequential damages (Doc. 12), and Plaintiff timely complied (Doc. 13). Plaintiff's motion for default judgment is now ripe for review.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled. See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004). "[A] defendant's default does not in itself warrant the court in entering a default judgment." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.

3

1975). Default judgment is merited only "when there is a sufficient basis in the pleadings for the judgment entered." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (citation and internal quotation marks omitted). Furthermore, even with a default judgment, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).

## A. Jurisdiction

Before entering default judgment, the Court must ensure it possesses subject matter jurisdiction over the case and that the defendant is subject to personal jurisdiction. Here, the jurisdictional requirements are satisfied.

### 1. Subject Matter Jurisdiction

Plaintiff contends this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). 28 U.S.C. § 1332(a) provides the Court original jurisdiction over civil cases "where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of a State and citizens or subjects of a foreign state." Furthermore, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff states it is "a limited liability company organized under the laws

4

of the State of Georgia with a principal place of business in Augusta, Richmond County, Georgia." (Doc. 1, at 1.) Plaintiff avers Defendant "is a corporation incorporated under the laws of Egypt." (Id.) Therefore, complete diversity exists between Plaintiff, a citizen of the State of Georgia, and Defendant, a citizen of Egypt. Further, Plaintiff's complaint alleges damages of more than $75,000, so the amount in controversy is met. (Id.) Subject matter jurisdiction is therefore proper under 28 U.S.C. § 1332(a).

2. Personal Jurisdiction

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C., 723 Fed. App'x 871, 874 (11th Cir. 2018) (citation omitted). Personal jurisdiction, however, is a right which a litigant may waive by giving "express or implied consent to the personal jurisdiction of the court." Com. Disaster Recovery, LLC. v. Charter Landing Condo. Owners Ass'n, Inc., No. 1:21-CV-3363-CAP, 2022 WL 18459538, at *2 (N.D. Ga. July 22, 2022) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14 (1985)), adhered to on denial of reconsideration 2022 WL 18459640 (N.D. Ga.

5

Nov. 17, 2022). Thus, a valid forum selection clause "can waive a defendant's personal jurisdiction claims under the Due Process Clause and Georgia's long-arm statute." Com. Disaster Recovery, at *5. In Georgia, "forum selection clauses are prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." Equity Trust Co. v. Jones, 792 S.E.2d 458, 459 (Ga. Ct. App. 2016).

Here, the Agreement contains a forum selection clause in which "[t]he parties specifically stipulate to the exclusive jurisdiction of federal and state courts in Georgia and principally the United States District Court, Southern District of Georgia, as proper, for any and all claims or disputes that may arise between the parties . . . ." (Doc. 1-1, at 32.) The Parties also agreed to "waive all exceptions, defenses, and objections to personal jurisdiction and venue for the purpose of carrying out [the forum selection clause]." (Id.) Because Defendant has not disputed the clause's validity or reasonableness, the Court finds it has waived personal jurisdiction, and exercise of such jurisdiction over Defendant is proper.

**B. Liability**

Since the jurisdictional requirements are satisfied, the Court turns to the merits of the motion for default judgment. Plaintiff asserts a single breach of contract claim. (Doc. 1, at 2-3.) Based on Plaintiff's well-pleaded allegations, outlined

above in the background section, the Court finds Plaintiff sufficiently states a breach of contract claim based upon Defendant's alleged breach of the Agreement.

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Norton v. Budget Rent A Car Sys., Inc., 705 S.E.2d 305, 306 (Ga. Ct. App. 2010) (citations omitted). Defendant breached the Agreement by notifying Plaintiff it was terminating the Agreement, removing Aggressor branding from its yacht, failing to continuously operate the yacht as an Aggressor-branded tour operator, and advertising and conducting similar tours following termination of the Agreement. (Doc. 1, at 2-3.) Defendant's breach resulted in damages to Plaintiff, which the Court explains in more detail below, and Plaintiff is the party to the Agreement who has the right to complain of the breach. (Id. at 3.) Therefore, Defendant is liable for damages.

C. Damages

Even with a default judgment, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). But a court need not conduct an evidentiary hearing when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)

(1); S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). Plaintiff requests the Court award $127,282.94 in damages, which includes $50,000 in liquidated damages and $77,282.94 in consequential damages stemming from refunds issued because of Defendant's breach.[1] (Doc. 13, at 4.) Because these damages can be easily computed, the Court finds an evidentiary hearing unnecessary.

### 1. Liquidated Damages

Regarding liquidated damages, the Agreement between Plaintiff and Defendant provides:

> In the event of any default by the Licensee[s] which is not cured within [thirty days], the parties hereby agree and stipulate that damages will be difficult to assess and, therefore, [Plaintiff] shall have the right to liquidated damages payable within thirty (30) days of receipt of written notice from [Plaintiff] in the amount of Fifty Thousand Dollars ($50,000) during the first year of the Agreement . . . .

(Doc. 1-1, at 29.) Here, Plaintiff alleges Defendant defaulted on the Agreement within the first year and failed to cure the default within thirty days of written notice. (Doc. 1, at 2-3.) Therefore, Plaintiff is entitled to $50,000 in liquidated damages pursuant to the Agreement.

---

[1] In its motion for default judgment, Plaintiff requested $39,974.65 in consequential damages. (Doc. 11, at 3.) However, Plaintiff's supplemental information filed upon the request of the Court stated its initial request "underrepresented its consequential damages," and amended the request to $77,282.94. (Doc. 13, at 4.) Because the amended and original requests are based upon the same factual basis in Plaintiff's complaint, the Court finds consideration of the amount in the amended request appropriate. (See Doc. 1, at 3.)

8

2. <u>Consequential Damages</u>

Plaintiff also contends that Defendant's breach forced it to refund multiple cancelled tour reservations, resulting in $77,282.94 in consequential damages. (Doc. 13, at 3-4.) Georgia law permits recovery of consequential damages only if "they can be traced solely to the breach of the contract or . . . are capable of exact computation, such as the profits which are the immediate fruit of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract." O.C.G.A. § 13-6-8. The Agreement itself states that "the liquidated damages are cumulative to and in addition to any other damages which may be payable under . . . applicable law" and "do not include any monies owed to [Plaintiff] from advances or charter payments." (Doc. 1-1, at 29.) Therefore, the Court finds Plaintiff is entitled to recover damages incurred from refunds it issued solely because of Defendant's breach and independent of any collateral enterprise.

For a refunded reservation to be traced solely to Defendant's breach, logic dictates that the customer must have booked the reservation after July 26, 2021, the date the Parties entered the Agreement, and the refund must have been issued after May 29, 2022, the date Defendant breached the Agreement. (<u>See</u> Doc. 1-1, at 36; Doc. 1, at 2.) In support of its request, Plaintiff offers copies

9

of "business records indicating all refunds and credits issued to non-party customers because Defendant . . . refused to conduct operations pursuant to the Licensing Agreement." (Doc. 13, at 3.) However, Plaintiff's records reflect that eleven of the twenty-three refunds it holds out as consequential damages were issued before May 29, 2022. (See Doc. 13-2.) The Court therefore finds Plaintiff has not established it is entitled to recover $26,859.28, the sum of those eleven refunds, in consequential damages because they were issued to customers before Defendant's breach.

The remaining $50,423.66 Plaintiff requests in consequential damages is the sum of the refunds it issued after May 29, 2022. (See Doc. 13-2.) Plaintiff's business records therefore provide a basis for finding damages from those refunds are traceable solely to Defendant's breach, and no evidence exists to suggest those damages involve a collateral enterprise. However, while Plaintiff seeks to recover the entire amount refunded, Sections VI and VII of the Agreement provide that Plaintiff was only to receive a thirty percent commission on all reservations, with the remaining seventy percent to be distributed to the Licensees. (Doc. 1-1, at 9-10.) Here, Plaintiff does not aver that the payments it refunded constituted only thirty percent of the trip cost, nor does it argue a basis exists upon which the Court should disregard the provisions in the Agreement limiting it to a thirty percent commission on bookings. Georgia law does not permit "[a]n injured

10

party . . . [to] be placed in a better position than he would have been in if the contract had not been breached." Crawford & Assocs., Inc. v. Groves-Keen, Inc., 194 S.E.2d 499, 502 (Ga. Ct. App. 1972) (citation and internal quotations omitted). However, awarding Plaintiff the full amount of the refunds as consequential damages would do just that. As such, the Court finds Plaintiff is entitled to recover thirty percent - the amount it would have received from the bookings had Defendant not breached - of the reservation refunds issued after May 29, 2022. Plaintiff is therefore entitled to thirty percent of $50,423.66, which is $15,127.10.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** the motion with respect to liquidated damages in the amount of $50,000.00 and consequential damages in the amount of $15,127.10. The Court **DENIES** the motion with respect to the remainder of the requested consequential damages. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff and against Defendant in the amount of **$65,127.10**; **TERMINATE** any remaining motions and deadlines, if any; and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_13th\_\_\_ day of January, 2025.

*[signature]*
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA